# “EXHIBIT A”

## Case Information

**Local Case Number:**
2025-017018-CA-01

**State Case Number:**
132025CA01701801GE01

**Case Style:**
Mariela Aguilar vs SUNSHINE STATE HEALTH PLAN, INC.

**Filing Date:**
08/29/2025

**Judicial Section:**
CA07 - Downtown Miami - Judge Trawick, Daryl E

**Case Status:**
OPEN

**Case Type:**
Discrimination - Employment or Other

**Consolidated Case No.:**

## Related Cases

No data available

## Hearing Details

No data available

## Parties

| Party Description | Party Name | Attorney Information | Other Attorney(s) |
|---|---|---|---|
| Plaintiff | Aguilar, Mariela | **B#:** 1041185<br>Vidales, Andres Felipe | |
| Defendant | SUNSHINE STATE HEALTH PLAN, INC. | **B#:** 1011113<br>Smeda, Karen E | |

## Dockets

| DIN | Date | Book/Page | Docket Entry | Event Type | Comments |
|---|---|---|---|---|---|
| 13 | 10/08/2025 | | Notice of Appearance | Event | |
| 12 | 09/29/2025 | | Notice of Interrogatory | Event | |
| 11 | 09/29/2025 | | Request for Production | Event | |
| 10 | 09/29/2025 | | Notice of Compliance | Event | |
| 9 | 09/26/2025 | | Affidavit of Service | Event | |
| 8 | 09/03/2025 | | Electronic Summons Email Notification Sent | Event | Andres Felipe Vidales |
| | 09/03/2025 | | 20 Day Summons Issued | Service | |
| 7 | 09/03/2025 | | ESummons 20 Day Issued | Event | Re: Index # 4. |

| DIN | Date | Book/Page | Docket Entry | Event Type | Comments |
|---|---|---|---|---|---|
| 6 | 09/03/2025 | | Receipt: | Event | Receipt#:3320135 Amt Paid:$10.00 Name:VIDALES, ANDRES FELIPE 121 ALHAMBRA PLAZA, SUITE 1000 CORAL GABLES FL 33134 Comment: Allocation Code Quantity Unit Amount 3139-Summons Issue Fee 1 $10.00 $10.00 Tender Type:eFilings Tender Amt:$10.00 Receipt Date:09/03/2025 Register#:332 Cashier:EFilingUser EFiling #:230598365 |
| 5 | 09/02/2025 | | Receipt: | Event | Receipt#:2070201 Amt Paid:$401.00 Name:VIDALES, ANDRES FELIPE 121 ALHAMBRA PLAZA, SUITE 1000 CORAL GABLES FL 33134 Comment: Allocation Code Quantity Unit Amount 3100-Circuit Filing Fee 1 $401.00 $401.00 Tender Type:eFilings Tender Amt:$401.00 Receipt Date:09/02/2025 Register#:207 Cashier:EFilingUser EFiling #:230556583 |
| 4 | 09/01/2025 | | (M) 20 Day (C) Summons (Sub) Received | Event | |
| 2 | 08/29/2025 | | Complaint | Event | |
| 1 | 08/29/2025 | | Civil Cover Sheet - Claim Amount | Event | |

Filing # 230556583 E-Filed 08/29/2025 03:43:18 PM
NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY - PUBLIC ACCESS

**IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA**

MARIELA AGUILAR,

CASE NO.:

Plaintiff,

v.

SUNSHINE STATE HEALTH PLAN, INC.

Defendants.

_______________________________/

**PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, MARIELA AGUILAR ("Plaintiff" or "AGUILAR"), by and through her undersigned counsel, sues the Defendants, SUNSHINE STATE HEALTH PLAN, INC. ("Sunshine Health"), and alleges as follows:

**PARTIES**

1. Plaintiff, MARIELA AGUILAR ("Plaintiff" or "Aguilar"), is a resident of Miami-Dade County, Florida, was employed by Defendant in that county, and is *sui juris.*

2. Defendant, SUNSHINE STATE HEALTH PLAN, INC. ("Sunshine"), is a Florida profit corporation with its principal place of business at 1301 International Parkway, Suite 400, Sunrise, Florida 33323. Defendant conducts substantial and systematic business in Miami-Dade County, Florida.

**JURISDICTION AND VENUE**

3. Venue is proper in Miami-Dade County, Florida, because the incident that is the subject of this Complaint occurred in Miami-Dade County, Florida.

NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY - PUBLIC ACCESS

4. At all times material hereto, Plaintiff MARIELA AGUILAR was a resident of Miami-Dade County, Florida, and is *sui juris*.

5. At all times material hereto, upon information and belief, Defendant Sunshine is a Florida profit corporation organized under the laws of Florida, with its principal place of business at 1301 International Parkway, Suite 400, Sunrise, Florida 33323, and conducts substantial business within the State of Florida and within Miami-Dade County, specifically employing Plaintiff there.

6. The amount in controversy exceeds FIFTY THOUSAND DOLLARS ($50,001.00), exclusive of costs and interest.

**FACTUAL ALLEGATIONS**

7. Plaintiff Mariela Aguilar was employed by Defendant Sunshine as a case manager from approximately 2023 until her termination on March 19, 2025.

8. At all times material, Plaintiff was classified as a non-exempt employee under the Fair Labor Standards Act (FLSA), earning approximately $32.28 per hour.

9. Plaintiff's job responsibilities included managing member cases, conducting home visits, and ensuring timely and accurate documentation within the True Care system.

10. Throughout her employment, particularly in 2024 and early 2025, Plaintiff was consistently assigned caseloads exceeding 60 members, contrary to the Agency for Health Care Administration ("AHCA") guidelines, which limit such caseloads.

11. Despite the excessive workload, Plaintiff was routinely denied approval for overtime pay, even though the volume of work required her to work beyond regular hours to comply with the Company's strict 24-hour documentation requirements.

NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY - PUBLIC ACCESS

12. As a result of these demands, Plaintiff was forced to work substantial overtime hours "off the clock" to maintain compliance with company policies and avoid disciplinary action, working up to 10 additional hours per week for about a year without compensation.

13. Plaintiff repeatedly raised concerns about her excessive workload, the denial of overtime, and violations of AHCA guidelines to her direct supervisor, Consuelo Suarez ("Suarez", both verbally during bi-weekly supervision meetings and via email, particularly during August 2024.

14. On or about February 13, 2025, Plaintiff had a "heavy discussion" with her supervisor regarding her overwhelming workload, violations of AHCA guidelines, and the stressful, micromanaged work environment.

15. On or about February 19, 2025, just six days after Plaintiff's most recent complaints, Defendant's compliance department contacted Plaintiff regarding her work performance ("Complainced Contact").

16. Prior to this Compliance Contact, Plaintiff had specifically requested, via email, that a member named Adela Soto be removed from her caseload due to logistical and workload concerns.

17. On March 19, 2025, approximately one month after her most recent complaints and just 34 days after engaging in protected activity, the Plaintiff was terminated from her employment.

18. Defendants claimed that Plaintiff was terminated for allegedly falsifying a member's signature, specifically that of Adela Soto, a charge Plaintiff unequivocally denies.

19. The close temporal proximity between Plaintiff's protected complaints (including the February 13, 2025, discussion) and her termination on March 19, 2025, creates a strong inference of retaliatory intent on the part of Defendant.

NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY - PUBLIC ACCESS

20. As a direct result of Defendants' actions, Plaintiff has suffered lost wages, emotional distress, reputational harm, and other damages.

21. Defendants' failure to address Plaintiff's legitimate complaints, their requirement that Plaintiff work "off the clock," and their subsequent retaliatory termination of Plaintiff constitute violations of both federal and state law, including the FLSA and the Florida Whistleblower Act.

**COUNT I – VIOLATION OF THE FLORIDA WHISTLEBLOWER ACT AGAINST DEFENDANT SUNSHINE HEALTH**

22. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 21 as if fully set forth herein.

23. The Florida Whistleblower Act, and Fla. Stat. § 448.102, prohibits employers from taking any retaliatory personnel action against an employee.

24. Plaintiff engaged in statutorily protected activity by repeatedly objecting to, and complaining, including but not limited to written complaints via emails to her supervisor about, Defendants' practice of assigning case managers—including AGUILAR—caseloads exceeding 60 members, in direct violation of Agency for Health Care Administration ("AHCA") guidelines.

25. Plaintiff's protected complaints were made both verbally and in writing to her supervisor, Consuelo Suarez, including but not limited to, during a documented "heavy discussion" on February 13, 2025.

26. Plaintiff further objected to Defendants' failure to approve overtime and the requirement that she work substantial additional hours "off the clock" to comply with company policies and AHCA regulations.

NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY - PUBLIC ACCESS

Defendants were aware of Plaintiff's protected activity, as evidenced by the temporal proximity between her February 13, 2025, complaints and the subsequent actions taken by Defendants.\

27. On February 19, 2025, just six days after Plaintiff's most recent protected complaints, Compliance contacted Plaintiff regarding her work performance.

28. On March 19, 2025, approximately one month after her most recent protected complaints, Defendants terminated Plaintiff's employment.

29. The stated reason for Plaintiff's termination alleged falsification of a member's signature was pretextual.

30. Plaintiff had previously requested, in writing, that this member (Adela Soto) be removed from her caseload due to reasons including but not limited to case overloads in violation of AHCA guidelines.

31. The close temporal proximity between Plaintiff's protected activity and her termination (34 days) creates a strong inference of retaliatory intent.

32. As a direct and proximate result of Defendants' retaliatory termination, Plaintiff has suffered and continues to suffer:

a. Lost wages and benefits;

b. Emotional distress, mental anguish, and reputational harm;

c. Diminished professional opportunities and future earnings.

33. Defendants' conduct constitutes a willful and knowing violation of the Florida Whistleblower Act.

**WHEREFORE,** Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant, and award the following relief:

NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY - PUBLIC ACCESS

A. Back pay against Defendants representing lost wages and benefits from the date of termination to the date of judgment.

B. Liquidated Damages as permitted by law.

C. Front pay against Defendants representing future lost wages and benefits, if reinstatement is not feasible.

D. Compensatory damages against Defendants in an amount to be determined at trial, including but not limited to damages for emotional distress, mental anguish, and reputational harm caused by the wrongful termination.

E. Reasonable attorneys' fees and costs incurred in pursuing this action.

F. Pre-judgment and post-judgment interest on all monetary damages pursuant to Fla. Stat. § 55.03.

G. An injunction restraining Defendants from continued violations of the Florida Whistleblower Act, pursuant to Fla. Stat. § 448.103.

H. Such other relief as the Court deems just and proper.

**<u>COUNT II – VIOLATION OF THE FAIR LABOR STANDARDS ACT - UNPAID OVERTIME AGAINST DEFENDANT SUNSHINE HEALTH</u>**

34. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 21 as if fully set forth herein.

35. At all relevant times, Plaintiff was employed by Defendant as a case manager from approximately 2023 until March 19, 2025.

36. Plaintiff was classified as a non-exempt employee under the Fair Labor Standards Act ("FLSA") and was therefore entitled to overtime compensation for all hours worked in excess of forty (40) hours per workweek.

NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY - PUBLIC ACCESS

37. Plaintiff's job duties included managing member cases, conducting home visits, and ensuring timely and accurate documentation within the True Care system.

38. As a case manager for a health insurance company operating across state lines, Plaintiff was engaged in commerce within the meaning of the FLSA.

a. Defendant's annual gross volume of sales exceeded $500,000 during all relevant times, conferring enterprise coverage under 29 U.S.C. § 203(s)(1)(A).

39. Throughout her employment, Plaintiff was regularly assigned excessive caseloads, which, combined with strict 24-hour documentation requirements, made it impossible to complete her work within a standard 40-hour workweek.

40. Plaintiff routinely worked more than 40 hours per week, specifically working approximately 5–10 additional hours per week for about a year, in order to comply with Defendant's productivity standards and avoid disciplinary action.

41. Defendants failed to pay Plaintiff overtime wages at a rate of one and one-half times her regular rate of pay ($32.28 per hour), as required by the FLSA, for hours worked in excess of 40 per week.

42. Plaintiff was not compensated at the overtime rate of $48.42 per hour for these additional hours.

43. Defendant's actions were willful. Defendants created and maintained a work environment that implicitly required employees to work "off the clock" to meet unreasonable productivity standards while simultaneously discouraging the reporting and approval of legitimate overtime.

NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY - PUBLIC ACCESS

44. Defendant knew or should have known that Plaintiff was working overtime hours without compensation, as Plaintiff repeatedly complained about her excessive workload and inability to complete her work within regular hours to her supervisor.

45. As a direct and proximate result of Defendant's retaliatory actions, Plaintiff has suffered and continues to suffer:

a. Lost wages and benefits;

b. Emotional distress, mental anguish, and reputational harm;

c. Diminished professional opportunities and future earnings.

**WHEREFORE,** Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant, and award the following relief:

A. Unpaid overtime wages against Defendant, representing compensation for all unpaid overtime hours worked at a rate of one and one-half times Plaintiff's regular rate of pay.

B. Liquidated damages against Defendants, representing an additional equal amount as the unpaid overtime compensation.

C. Compensatory damages against Defendants in an amount to be determined at trial, including but not limited to damages related to emotional distress, mental anguish, and reputational harm caused by the wrongful termination.

D. Reasonable attorneys' fees and costs incurred in pursuing this action.

E. Pre-judgment and post-judgment interest on all monetary damages pursuant to Fla. Stat. § 55.03.

F. Such other relief as the Court deems just and proper.

NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY - PUBLIC ACCESS

## COUNT III – RETALIATION UNDER THE FAIR LABOR STANDARDS ACT AGAINST DEFENDANT SUNSHINE HEALTH

46. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 21 as if fully set forth herein.

47. Plaintiff engaged in activity protected under the Fair Labor Standards Act ("FLSA") by repeatedly complaining to her supervisor about violations of wage and hour laws, specifically the failure to compensate for overtime work. These complaints included multiple occasions and a documented "heavy discussion" on February 13, 2025.

48. Plaintiff's complaints constituted statutorily protected activity under the FLSA, as she objected to and reported unlawful practices relating to unpaid overtime and excessive workload requirements.

49. Plaintiff suffered an adverse employment action when she was terminated from her employment on March 19, 2025. Termination is a materially adverse action that would discourage a reasonable employee from engaging in protected activity.

50. There is a direct and substantial causal connection between Plaintiff's protected activity and the adverse employment action. Plaintiff was terminated just 34 days after her most recent complaint regarding FLSA violations on February 13, 2025.

51. Compliance contacted Plaintiff only six days after her protected complaint, indicating that Defendants began building a case against AGUILAR immediately following her protected activity.

52. The reason given for Plaintiff's termination—alleged falsification of a member's signature—is pretextual. Plaintiff had previously requested, in writing, that this member (Adela Soto) be removed from her caseload, which undermines the credibility of Defendants' stated reason for termination.

NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY - PUBLIC ACCESS

53. As a direct and proximate result of Defendants' retaliatory actions, Plaintiff has suffered and continues to suffer:

a. Lost wages and benefits;

b. Emotional distress, mental anguish, and reputational harm;

c. Diminished professional opportunities and future earnings.

54. Defendants' conduct constitutes a willful and knowing violation of the anti-retaliation provisions of the FLSA.

**WHEREFORE,** Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant, and award the following relief:

A. Unpaid overtime wages against Defendant for all unpaid overtime hours worked at a rate of one and one-half times Plaintiff's regular rate of pay.

B. Liquidated damages against Defendant, representing an additional equal amount as the unpaid overtime compensation.

C. Back pay against Defendant, representing lost wages and benefits from the date of termination to the date of judgment.

D. Liquidated damages against Defendant per the FLSA.

E. Front pay against the Defendant, representing future lost wages and benefits.

F. Compensatory damages against Defendants in an amount to be determined at trial, including but not limited to damages for emotional distress, mental anguish, and reputational harm caused by the wrongful termination.

G. Reasonable attorneys' fees and costs incurred in pursuing this action.

H. Pre-judgment and post-judgment interest on all monetary damages pursuant to Fla. Stat. § 55.03.

NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY - PUBLIC ACCESS

I. Such other relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff, MARIELA AGUILAR, demands a trial by jury of all issues triable as a right by jury.

Date: August 25, 2025

Respectfully submitted,

By: /s/ *Andres F. Vidales*

Andres F. Vidales, Esq.
Florida Bar No.: 1041185
**VIDALES LAW**
*Attorney for Plaintiff Mariela Aguilar*
121 Alhambra Plaza, Suite 1000,
Coral Gables, FL 33134
Tel: (305) 537-6582
Fax: (786) 551-4166
afv@vidaleslaw.com
legalassistant@vidaleslaw.com

Filing # 230556583 E-Filed 08/29/2025 03:43:18 PM
NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY - PUBLIC ACCESS

**FORM 1.997. CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

---

**I. CASE STYLE**

IN THE CIRCUIT/COUNTY COURT OF THE ELEVENTH JUDICIAL CIRCUIT,
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

Mariela Aguilar
Plaintiff

Case # ________________
Judge ________________

vs.
SUNSHINE STATE HEALTH PLAN, INC.
Defendant

---

**II. AMOUNT OF CLAIM**

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐ $8,000 or less
☐ $8,001 - $30,000
☐ $30,001- $50,000
☐ $50,001- $75,000
☐ $75,001 - $100,000
☒ over $100,000.00

**III. TYPE OF CASE** (If the case fits more than one type of case, select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY - PUBLIC ACCESS

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
  ☐ Business governance
  ☐ Business torts
  ☐ Environmental/Toxic tort
  ☐ Third party indemnification
  ☐ Construction defect
  ☐ Mass tort
  ☐ Negligent security
  ☐ Nursing home negligence
  ☐ Premises liability—commercial
  ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
  ☐ Commercial foreclosure
  ☐ Homestead residential foreclosure
  ☐ Non-homestead residential foreclosure
  ☐ Other real property actions

☐Professional malpractice
  ☐ Malpractice—business
  ☐ Malpractice—medical
  ☐ Malpractice—other professional
☒ Other
  ☐ Antitrust/Trade regulation
  ☐ Business transactions
  ☐ Constitutional challenge—statute or ordinance
  ☐ Constitutional challenge—proposed amendment
  ☐ Corporate trusts
  ☒ Discrimination—employment or other
  ☐ Insurance claims
  ☐ Intellectual property
  ☐ Libel/Slander
  ☐ Shareholder derivative action
  ☐ Securities litigation
  ☐ Trade secrets
  ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY - PUBLIC ACCESS

☐ Replevins
☐ Evictions
  ☐ Residential Evictions
  ☐ Non-residential Evictions
☐ Other civil (non-monetary)

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order. Yes ☐ No ☒

**IV. REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☐ Nonmonetary declaratory or injunctive relief;
☐ Punitive

**V. NUMBER OF CAUSES OF ACTION:** [ ]
(Specify)

3

**VI. IS THIS CASE A CLASS ACTION LAWSUIT?**
☐ yes
☒ no

**VII. HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
☒ no
☐ yes If "yes," list all related cases by name, case number, and court.

**VIII. IS JURY TRIAL DEMANDED IN COMPLAINT?**
☒ yes
☐ no

**IX. DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
☐ yes
☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: s/ Andres Felipe Vidales — Attorney or party
Fla. Bar # 1041185 — (Bar # if attorney)

Andres Felipe Vidales — (type or print name)
08/29/2025 — Date

**IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA**

MARIELA AGUILAR, CASE NO.: 2025-017018-CA-01

Plaintiff,

v.

SUNSHINE STATE HEALTH PLAN, INC.

Defendants.

____________________________/

**SUMMONS**

THE STATE OF FLORIDA:

To Each Sheriff of the State:

YOU ARE HEREBY COMMANDED to serve this summons and a copy of the Complaint in the above-styled cause upon the Defendant:

**CT Corporation System**
**R/A for SUNSHINE STATE HEALTH PLAN, INC.**
**1200 South Pine Island Rd.**

Each defendant is required to serve written defenses to the Complaint on VIDALES LAW, 121 Alhambra Plaza, Suite 1000, Coral Gables, FL 33134, Telephone: 305) 537-6582, within 20 days after service of this Summons upon you, exclusive of the day of service, and to file the original of the written defenses with the clerk of this court either before service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the Complaint or Petition.

**REQUEST FOR ACCOMMODATIONS BY PERSONS WITH DISABILITIES**

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact Aliean Simpkins, the Eleventh Judicial Circuit Court's ADA Coordinator, Lawson E. Thomas Courthouse**

**Center, 175 NW 1st Ave., Suite 2400, Miami, FL 33128, Telephone (305) 349-7175; TDD (305) 349-7174, Fax (305) 349-7355, Email: ADA@jud11.flcourts.org at least seven (7) days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than seven (7) days; if you are hearing or voice impaired, call 711.**

DATED on 9/3/2025

(Name of Clerk) Juan Fernandez-Barquin,
Clerk of the Court and Comptroller

As Clerk of the Court

Mclarke

Filing # 230598365 E-Filed 09/01/2025 05:55:20 PM
NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY - PUBLIC ACCESS

**IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA**

MARIELA AGUILAR, CASE NO.: 2025-017018-CA-01

Plaintiff,

v.

SUNSHINE STATE HEALTH PLAN, INC.

Defendants.

______________________________/

**SUMMONS**

THE STATE OF FLORIDA:

To Each Sheriff of the State:

YOU ARE HEREBY COMMANDED to serve this summons and a copy of the Complaint in the above-styled cause upon the Defendant:

**CT Corporation System**
**R/A for SUNSHINE STATE HEALTH PLAN, INC.**
**1200 South Pine Island Rd.**

Each defendant is required to serve written defenses to the Complaint on VIDALES LAW, 121 Alhambra Plaza, Suite 1000, Coral Gables, FL 33134, Telephone: 305) 537-6582, within 20 days after service of this Summons upon you, exclusive of the day of service, and to file the original of the written defenses with the clerk of this court either before service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the Complaint or Petition.

**REQUEST FOR ACCOMMODATIONS BY PERSONS WITH DISABILITIES**

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact Aliean Simpkins, the Eleventh Judicial Circuit Court's ADA Coordinator, Lawson E. Thomas Courthouse**

NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY - PUBLIC ACCESS

**Center, 175 NW 1st Ave., Suite 2400, Miami, FL 33128, Telephone (305) 349-7175; TDD (305) 349-7174, Fax (305) 349-7355, Email: ADA@jud11.flcourts.org at least seven (7) days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than seven (7) days; if you are hearing or voice impaired, call 711.**

DATED on

(Name of Clerk)

As Clerk of the Court

Filing # 232469341 E-Filed 09/26/2025 06:14:47 PM

NOT AN OFFICIAL COPY - PUBLIC ACCESS NOT AN OFFICIAL COPY - PUBLIC ACCESS

# VERIFIED RETURN OF SERVICE

**State of Florida** **County of Dade** **Circuit Court**

Case Number: 2025-017018 CA 01

Plaintiff:
**MARIELA AGUILAR**

vs.

Defendant:
**SUNSHINE STATE HEALTH PLAN INC**

For:
ANDRES VIDALES, ESQ.
2423 SW 147TH AVENUE
#119
MIAMI, FL 33185

Received by LEGAL PROCESS SERVICE & INVESTIGATIONS,LLC on the 18th day of September, 2025 at 12:18 am to be served on **SUNSHINE STATE HEALTH PLAN INC C/O CT CORPORATION SYSTEM, 1200 S PINE ISLAND ROAD, PLANTATION, FL 33324**.

I, Andrew Karp, do hereby affirm that on the **18th day of September, 2025** at **12:00 pm, I:**

served a **CORPORATION** by delivering a true copy of the **SUMMONS AND COMPLAINT; PLAINTIFF MARIELA AGUILAR, NOTICE OF SERVING FIRST REQUEST FOR PRODUCTION TO DEFENDANT; PLAINTIFF'S INITIAL DISCLOSURES PURSUANT TOFLORIDA RULE OF CIVIL PROCEDURE 1.280(a); PLAINTIFF MARIELA AGUILAR, NOTICE OFSERVING FIRST SET OF INTERROGATORIES TO DEFENDANT** with the date and hour of service endorsed thereon by me, to: **DONNA MOCH** as **SPECIALIST AT R/A** for **SUNSHINE STATE HEALTH PLAN INC**, at the address of: **1200 S PINE ISLAND ROAD, PLANTATION, FL 33324**, and informed said person of the contents therein, in compliance with state statutes.

I certify that I am over the age of 18, have no interest in the above action, and am a Special Process Server, in good standing, in the judicial circuit in which the process was served. Under penalties of perjury, I declare that I have read the forgoing instrument and the facts stated in it are true. Pursuant to F.S. 92.525(2). Notary not required.

**Andrew Karp**
SPS #260

**LEGAL PROCESS SERVICE & INVESTIGATIONS,LLC**
**8724 SW 72 STREET #402**
**MIAMI, FL 33173**
**(305) 412-1178**

Our Job Serial Number: LIM-2025002961

Copyright © 1992-2025 DreamBuilt Software, Inc. - Process Server's Toolbox V9.0a

Filing # 232584744 E-Filed 09/29/2025 07:09:42 PM
NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY - PUBLIC ACCESS

**IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA**

MARIELA AGUILAR, CASE NO.: 2025-017018-CA-01

Plaintiff,

v.

SUNSHINE STATE HEALTH PLAN, INC.,
a Florida Profit corporation,

Defendant.

_________________________/

**PLAINTIFFS' NOTICE OF COMPLIANCE WITH INITIAL DISCOVERY DISCLOSURES**

COMES NOW, MARIELA AGUILAR ("Plaintiff") by and through her undersigned counsel and, pursuant to the Florida Rules of Civil Procedure, including Fla. R. Civ. P. 1.280(a), hereby files this Notice of Compliance with Initial Discovery Disclosures. Plaintiff hereby certifies that she has served her Initial Discovery Disclosures in compliance with Florida Rule of Civil Procedure 1.280(a), including:

1. The identification of persons with knowledge pursuant to Fla. R. Civ. P. 1.280(a)(1)(A);
2. A copy of, or a description by category and location of, documents, electronically stored information, and tangible things pursuant to Fla. R. Civ. P. 1.280(a)(1)(B);
3. A computation of each category of damages claimed by Plaintiff, together with the documents on which the computation is based, pursuant to Fla. R. Civ. P. 1.280(a)(1)(C).

Dated: September 29, 2025 Respectfully submitted,

By: /s/ *Andres F. Vidales*
Andres F. Vidales, Esq.
Florida Bar No.: 1041185
**VIDALES LAW**
*Attorney for Plaintiff..*
121 Alhambra Plaza, Suite 1000,
Coral Gables, FL 33134
Tel: (305) 537-6582
Fax: (786) 551-4166
afv@vidaleslaw.com
legalassistant@vidaleslaw.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via the E-Portal on this 29th day of September 2025 to all parties who have registered with the e-filing Portal.

By: /s/ *Andres F. Vidales*
Andres F. Vidales, Esq.

NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY - PUBLIC ACCESS

Filing # 232584744 E-Filed 09/29/2025 07:09:42 PM

NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY - PUBLIC ACCESS

**IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA**

MARIELA AGUILAR, CASE NO.: 2025-017018-CA-01

Plaintiff,

v.

SUNSHINE STATE HEALTH PLAN, INC.,
a Florida Profit corporation,

Defendant.

_______________________________/

**PLAINTIFF MARIELA AGUILAR, NOTICE OF SERVING FIRST REQUEST FOR PRODUCTION TO DEFENDANT**

Plaintiff, MARIELA AGUILAR ("Plaintiff" or "AGUILAR"), by and through undersigned counsel, and in accordance with the Florida Rules of Civil Procedure, 1.350, gives notice of serving its First Request for production to Defendant, SUNSHINE STATE HEALTH PLAN, INC. ("Sunshine Health"). Defendant shall produce for inspection and copying and/or permit the inspection/copying of the requested documents within thirty (30) days after service of this Request, at the offices of Plaintiff's counsel, or through electronic delivery.

Date: September 29, 2025

Respectfully submitted,
By: */s/ Andres F. Vidales*
Andres F. Vidales, Esq.
Florida Bar No.: 1041185
**VIDALES LAW**
*Attorney for Plaintiff Mariela Aguilar*
121 Alhambra Plaza, Suite 1000,
Coral Gables, FL 33134
Tel: (305) 537-6582
Fax: (786) 551-4166
afv@vidaleslaw.com
legalassistant@vidaleslaw.com

NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY - PUBLIC ACCESS

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via the E-Portal on this 29th day of September 2025 to all parties who have registered with the e-filing Portal.

By: */s/ Andres F. Vidales*
Andres F. Vidales, Esq.

Filing # 232584744 E-Filed 09/29/2025 07:09:42 PM

NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY - PUBLIC ACCESS

**IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA**

MARIELA AGUILAR,

Plaintiff,

v.

SUNSHINE STATE HEALTH PLAN, INC.,
a Florida Profit corporation,

Defendant.

_________________________/

CASE NO.: 2025-017018-CA-01

**PLAINTIFF MARIELA AGUILAR, NOTICE OF SERVING FIRST SET OF INTERROGATORIES TO DEFENDANT**

Plaintiff, MARIELA AGUILAR ("Plaintiff" or "AGUILAR"), by and through undersigned counsel, and in accordance with the Florida Rules of Civil Procedure, 1.340, gives notice of serving its First Set of Interrogatories to Defendant SUNSHINE STATE HEALTH PLAN, INC. ("Sunshine Health"). These interrogatories are to be answered in writing within thirty (30) days from the date of service.

Date: September 29, 2025

Respectfully submitted,
By: */s/ Andres F. Vidales*
Andres F. Vidales, Esq.
Florida Bar No.: 1041185
**VIDALES LAW**
*Attorney for Plaintiff Mariela Aguilar*
121 Alhambra Plaza, Suite 1000,
Coral Gables, FL 33134
Tel: (305) 537-6582
Fax: (786) 551-4166
afv@vidaleslaw.com
legalassistant@vidaleslaw.com

NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY - PUBLIC ACCESS

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via the E-Portal on this 29th day of September 2025 to all parties who have registered with the e-filing Portal.

By: /s/ *Andres F. Vidales*
Andres F. Vidales, Esq.

Filing # 233230415 E-Filed 10/08/2025 03:19:34 PM
NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY - PUBLIC ACCESS

**IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA**

**MARIELA AGUILAR,**

**Plaintiff,**

**vs.**

**CASE NO. 2025-017018-CA-01**

**SUNSHINE STATE HEALTH PLAN, INC.,[1]**

**Defendant.**

## NOTICE OF APPEARANCE OF COUNSEL

Natalie J. Storch and Karen E. Smeda of the law firm of Littler Mendelson, P.C. hereby enter their appearance in this case on behalf of Defendant. All notices given or required to be given in this case, and all papers served or required to be served in this case, shall also be given to and served upon:

**Natalie J. Storch**
**Karen E. Smeda**
**Littler Mendelson, P.C.**
**111 N Orange Ave., Suite 1750**
**Orlando, FL 32801**
**Telephone: 407.393.2900**
**Facsimile: 407.393.2929**
**Email: njstorch@littler.com; ksmeda@littler.com; mfilmore@littler.com; evega@littler.com; #OrlandoECFiling@littler.com**

[1] The correct employing entity is "Centene Management Company LLC."

NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY - PUBLIC ACCESS

Dated: October 8, 2025.

Respectfully submitted,

*/s/ Karen E. Smeda*

Natalie J. Storch
Florida Bar No.: 0269920
njstorch@littler.com
Karen E. Smeda
Florida Bar No.: 1011113
ksmeda@littler.com

LITTLER MENDELSON, P.C.
111 North Orange Avenue, Suite 1750
Orlando, FL 32801.2366
Telephone: 407.393.2900
Facsimile: 407.393.2929

***Attorneys for Defendant***

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 8th day of October, 2025, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court via the Florida Courts E-Filing Portal, which will automatically send an electronic message to counsel of record.

Andres F. Vidales, Esq.
VIDALES LAW
121 Alhambra Plaza, Suite 1000,
Coral Gables, FL 33134
Tel: (305) 537-6582
Fax: (786) 551-4166
afv@vidaleslaw.com
legalassistant@vidaleslaw.com.

***Attorneys for Plaintiff***

***/s/ Karen E. Smeda***
Karen E. Smeda, Esq.